449 So.2d 1001 (1984)
Lila McConnell GREENOUGH, Appellant,
v.
AETNA CASUALTY & SURETY COMPANY, a foreign corporation, Appellee.
No. 83-2242.
District Court of Appeal of Florida, Fourth District.
May 16, 1984.
Pasco & Krentsa, P.A., Hallandale, and Edward A. Perse of Horton, Perse & Ginsberg, Miami, for appellant.
Shelley H. Leinicke of Wicker, Smith, Blomqvist, Tutan, O'Hara, McCoy, Graham & Lane, Fort Lauderdale, for appellee.
DOWNEY, Judge.
This is an appeal from an order denying a motion for attorney's fees.
Lila McConnell Greenough sued Aetna Casualty & Surety Company to determine the amount of insurance coverage afforded Greenough pursuant to a home owner's policy that Aetna had originally written for Greenough in December 1977. Greenough had made a claim against Aetna for a loss in November 1980 of silverware and money stolen from her home, which was covered by the Aetna policy. Greenough alleged the policy afforded coverage for loss of personal property up to $20,000. Aetna's answer alleged the policy afforded a maximum of $1,100 in coverage for loss of silverware and money. From a judgment entered upon a jury verdict finding Greenough was entitled to recover $1,000 Greenough perfected this appeal.
In a post judgment hearing on the question of Greenough's entitlement to attorney's fees under Section 627.428, Florida Statutes (1979), which authorizes an award of attorney's fees to an insured or a beneficiary who prevails against an insurance company, Aetna contended that she was not entitled to attorney's fees because Aetna had offered to settle the claim for $1,100, the amount of coverage the company admitted was furnished by the current policy. Since Greenough recovered slightly less than Aetna had offered, attorney's fees were not recoverable under Section 627.428. Greenough, on the other hand, contended that Aetna's pleading denied the theft as well as coverage. Therefore, the offer of settlement of $1,100 was not effective to preclude recovery of attorney's fees.
In its answer to the third amended complaint, Aetna denied that the policy Greenough sued upon was effective at the time of the theft. However, Aetna expressly alleged that:
"The policy in full force and effect on the date of the subject loss provided under coverage Part C Personal Property:
(1) $100.00 on money, bank notes, bullion, gold other than goldware, silver other than silverware, platinum coins and metals.
(7) $1,000.00 for loss by theft of silverware, silverplated ware, goldware, gold-plated ware and pewterware."
*1002 Eleven hundred dollars was the offer made by Aetna before suit was even filed. One thousand dollars was the award. Because she did not recover more than Aetna offered to pay her under the policy, Greenough did not prevail against Aetna and so was not entitled to recover an attorney's fee pursuant to Section 627.428, Florida Statutes (1979). Travelers Ins. Co. v. Rodriguez, 387 So.2d 341 (Fla. 1980); Lumbermens Mut. Ins. Co. v. Am. Arbitration, 398 So.2d 469 (Fla.4th DCA 1981).
The judgment appealed from is accordingly affirmed.
AFFIRMED.
HERSEY and WALDEN, JJ., concur.