PER CURIAM.
The trial court, having determined that Shafer & Miller, Inc. had tendered an offer of settlement to Westinghouse Electric Corporation in an amount greater than the verdict subsequently returned by a jury, correctly held that Westinghouse was not entitled to attorney’s fees as a prevailing party under section 627.428, Florida Statutes (1985). See Greenough v. Aetna Casualty & Sur. Co., 449 So.2d 1001 (Fla. 4th DCA 1984); cf. C.U. Assocs., Inc. v. R.B. Grove, Inc., 472 So.2d 1177 (Fla.1985) (construing section 713.29, Florida Statutes (1981)). As the remaining points presented do not merit discussion, the judgment under review is affirmed.