629 So.2d 985 (1993)
DANIS INDUSTRIES CORPORATION and Seaboard Surety Company, Appellants,
v.
GROUND IMPROVEMENT TECHNIQUES, INC., et al., Appellees.
No. 92-3127.
District Court of Appeal of Florida, Fifth District.
December 23, 1993.
*986 Mary M. Piccard and Mike Piscitelli of Cummings, Lawrence & Vezina, P.A., Tallahassee, for appellants.
Steven R. Schooley of Holland & Knight, Orlando, and Steven L. Brannock of Holland & Knight, Tampa, for appellees.

ON MOTION FOR REHEARING
DIAMANTIS, Judge.
We deny rehearing but withdraw the prior opinion and issue the following in its place.
Danis Industries Corporation (Danis) and Seaboard Surety Company (Seaboard) appeal the trial court's final summary judgment awarding appellee Ground Improvement Techniques, Inc. (GIT), attorney's fees which were incurred in arbitration proceedings between the parties. We affirm in part, reverse in part, and remand for further proceedings.
Danis, the general contractor on an Orange County construction project, entered into a $1,275,874 subcontract with GIT. After GIT had received almost $800,000 in payments, a dispute arose over the balance due under the subcontract. The matter proceeded to arbitration wherein each party claimed that the other party had breached the subcontract. In addition to claiming the balance due under the subcontract, GIT included a claim for $798,690 for Danis's alleged breaches.
Of the disputed funds due under the subcontract, the arbitrators determined that Danis owed GIT $498,456. The arbitrators ordered Danis to pay GIT the amount of $282,868 but indicated that Danis was entitled to retain $215,588 of the disputed amount.[1] The arbitrators denied GIT's additional claim for $798,690.
GIT subsequently filed a complaint against Danis and its surety, Seaboard, in circuit court seeking to confirm the arbitration award[2] and to recover attorney's fees *987 against Seaboard. See §§ 627.428, 627.756, Fla. Stat. (1989) (authorizing an award of attorney's fees to a subcontractor who obtains a judgment against a general contractor or its surety).
On February 27, 1992, the trial court entered an order confirming the arbitration award in favor of GIT and against Seaboard and ruling that GIT was entitled to recover a reasonable attorney's fee. At the July 28, 1992, hearing on attorney's fees, GIT contended that the trial court should award prejudgment interest from the date its obligation to pay its attorney's fees arose (30 days after the date of the invoices submitted by its attorneys). The trial court apparently agreed and, on November 17, 1992, entered a final order awarding GIT attorney's fees and costs totaling $142,315 plus prejudgment interest in the amount of $25,598.
Relying on Moritz v. Hoyt Enterprises, 604 So.2d 807 (Fla. 1992), appellants first contend that the trial court erred in awarding attorney's fees to GIT because GIT was not the prevailing party in the arbitration proceedings. Appellants point out that GIT was unsuccessful in arbitrating its additional claim for $798,690 and only partially successful in arbitrating its right to the funds in dispute under the subcontract. In Moritz, an action for breach of contract, the supreme court held that the test for determining who is the "prevailing party" for purposes of awarding attorney's fees is "to allow the trial judge to determine from the record which party has in fact prevailed on the significant issues tried before the court." Id. at 810.[3] We reject appellants' contention because the prevailing party standard of Moritz does not apply to an award of attorney's fees made pursuant to sections 627.428 and 627.756, Florida Statutes (1989).
Section 627.428 provides that

Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.
§ 627.428(1), Fla. Stat. (1989) (emphasis added). This statutory authorization for an award of attorney's fees applies to suits brought by subcontractors "against a surety insurer under payment or performance bonds written by the insurer ... to indemnify against pecuniary loss by breach of a building or construction project." § 627.756, Fla. Stat. (1989). Thus, under sections 627.428 and 627.756, a subcontractor who prevails in arbitration proceedings against a contractor or its surety is entitled to recover from the surety the attorney's fees incurred by the subcontractor during arbitration. Insurance Co. of North America v. Acousti Engineering Co., 579 So.2d 77 (Fla. 1991).
In construing these statutes, our courts have established that a prevailing insured is one who obtains a judgment in its favor and against an insurer in an amount which is greater than any offer of settlement previously tendered by the insurer. Westinghouse Electric Corp. v. Shafer & Miller, Inc., 515 So.2d 248 (Fla. 3d DCA 1987), rev. denied, 525 So.2d 881 (Fla. 1988); Greenough v. Aetna Casualty & Surety Co., 449 So.2d 1001 (Fla. 4th DCA 1984). Here, the record reflects no offer of settlement tendered by Seaboard to GIT. Accordingly, the trial court correctly awarded attorney's fees to GIT because GIT prevailed against Seaboard when it obtained a judgment against appellants. Compare Prosperi v. Code, Inc., 626 So.2d 1360 (Fla. 1993) (prevailing party test *988 of Moritz applies to attorney's fees awarded to prevailing party in mechanic's lien action under section 713.29, Florida Statutes (1989)).[4]
We conclude, however, that the trial court abused its discretion in calculating the amount of fees to be awarded without considering the "results obtained" principle set forth in Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985). Under Rowe, a court may reduce an attorney's fees award based upon the "results obtained" if a "party prevails on a claim or claims for relief, but is unsuccessful on other unrelated claims." Id. at 1151. Under these circumstances, "the trial judge must evaluate the relationship between the successful and unsuccessful claims and determine whether the investigation and prosecution of the successful claims can be separated from the unsuccessful claims." Id. See also Zaremba Florida Co. v. Klinger, 550 So.2d 1131 (Fla. 3d DCA 1989).
Once Danis demonstrated that GIT did not prevail on all of its arbitration claims, GIT had the burden of either allocating its attorney's fees based on its successful claims or showing why the fees could not be allocated. See Salisbury v. Spielvogel, 451 So.2d 974 (Fla. 4th DCA 1984). GIT could have met this burden by showing that the arbitration claims were so interrelated that the unsuccessful claims did not substantially increase the attorney's fees incurred. See Chrysler Corp. v. Weinstein, 522 So.2d 894 (Fla. 3d DCA 1988). See also B & H Construction & Supply Co. v. District Board of Trustees of Tallahassee Community College, 542 So.2d 382 (Fla. 1st DCA) (trial court was unable to allocate because of number and complexity of claims arbitrated), rev. denied, 549 So.2d 1013 (Fla. 1989).
We also conclude that the trial court erred in calculating its award of prejudgment interest. In Bremshey v. Morrison, 621 So.2d 717, 718 (Fla. 5th DCA 1993), this court held that, "[w]hen a court makes a determination which triggers a party's entitlement to an award of attorney's fees, the date of this determination fixes the date for awarding prejudgment interest on previously incurred attorney's fees." See also Mason v. Reiter, 564 So.2d 142 (Fla. 3d DCA 1990); Inacio v. State Farm Fire & Casualty Co., 550 So.2d 92 (Fla. 1st DCA 1989). In this case, the trial court determined Seaboard's liability for GIT's attorney's fees when the court entered its non-final order confirming the arbitration award on February 27, 1992. Accordingly, GIT is entitled to prejudgment interest on the award of attorney's fees and costs from February 27, 1992.
In summary, we affirm the trial court's holding that GIT is entitled to recover reasonable attorney's fees and costs but reverse the amount of both the award of attorney's fees and the award of prejudgment interest. We remand this matter to the trial court to determine a reasonable attorney's fee due GIT based upon the principles of Rowe. Additionally, on remand the trial court shall award prejudgment interest on any amount of attorney's fees and costs awarded to GIT from the date of February 27, 1992.
Although we deny appellants' motion for rehearing, we certify the following question as a matter of great public importance:
DOES THE PREVAILING PARTY TEST OF Moritz v. Hoyt Enterprises, 604 So.2d 807 (Fla. 1992), APPLY TO AN AWARD OF ATTORNEY'S FEES MADE PURSUANT TO SECTIONS 627.428 AND 627.756, FLORIDA STATUTES?
AFFIRMED in part; REVERSED in part; REMANDED.
HARRIS, C.J., and GOSHORN, J., concur.
NOTES
[1] The arbitrators ordered Danis to pay $214,575 immediately and $68,293 when Orange County released these funds to Danis. According to appellants, Danis never disputed its obligation to pay the $68,293 amount but disputed the timing of the payment.
[2] See § 682.12, Fla. Stat. (1989).
[3] In so ruling, the court relied on Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), in which the Supreme Court held that the test for determining the prevailing party in federal civil rights actions was whether the party "succeed[ed] on any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit." Id. at 433, 103 S.Ct. at 1939 (quoting Nadeau v. Helgemoe, 581 F.2d 275, 278-79 (1st Cir.1978)). The Civil Rights Attorney's Fees Awards Act of 1976 (42 U.S.C. § 1988) authorized the federal district courts to award a reasonable attorney's fee to the prevailing party in civil rights litigation.
[4] We also have considered section 255.05, Florida Statutes (Supp. 1992), but conclude that the amended statute does not apply to this case. See L. Ross, Inc. v. R.W. Roberts Construction Co., 466 So.2d 1096 (Fla. 5th DCA 1985), approved, 481 So.2d 484 (Fla. 1986).