645 So.2d 420 (1994)
DANIS INDUSTRIES CORPORATION, et al., Petitioners,
v.
GROUND IMPROVEMENT TECHNIQUES, INC., et al., Respondents.
No. 83,016.
Supreme Court of Florida.
November 17, 1994.
*421 Mike Piscitelli and Mary M. Piccard of Cummings, Lawrence & Vezina, P.A., Tallahassee, for petitioner.
Steven R. Schooley, Leslie K. O'Neal and Christopher V. Carlyle of Holland & Knight, Orlando, for respondents.
PER CURIAM.
We have for review the following question certified to be of great public importance:
DOES THE PREVAILING PARTY TEST OF Moritz v. Hoyt Enterprises, 604 So.2d 807 (Fla. 1992), APPLY TO AN AWARD OF ATTORNEY'S FEES MADE PURSUANT TO SECTIONS 627.428 AND 627.756, FLORIDA STATUTES?
Danis Industries Corp. v. Ground Improvement Techniques, Inc., 629 So.2d 985, 988 (Fla. 5th DCA 1993). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
This cause arose from a dispute over a construction subcontract that ultimately resulted in a court determination that Respondents would prevail on only a portion of their claims, but nevertheless awarding Respondents attorney's fees against Petitioners' surety. Petitioners now contend that they are the "prevailing party" under this Court's analysis in Moritz, whereas Respondents argue that the statutes cited by the district court are contrary to the Moritz standard and thus prevail over it. The relevant statute here states:
Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.
§ 627.428(1), Fla. Stat. (1989). This language specifically applies to payment or performance bonds written by a surety insurer to indemnify against losses associated with construction projects, § 627.756, Fla. Stat. (1989), which is the case at hand here.
The language of the statute quoted presents an issue far different from those in Moritz and our more recent opinion in Prosperi v. Code, Inc., 626 So.2d 1360 (Fla. 1993). Here, the statute is a one-way street offering the potential for attorneys' fees only to the insured or beneficiary. The apparent public policy underlying this aspect of the statute is to discourage insurers from contesting valid claims and to reimburse successful policy holders forced to sue to enforce their policies. Fewox v. McMerit Constr. Co., 556 So.2d 419, 423 (Fla. 2d DCA 1989).
In Moritz and Prosperi, on the other hand, the right to attorneys fees potentially existed for either party, whether by contract or by statute. Thus, these cases applied only where there might be some confusion as to who actually is the prevailing party  where neither party has fully won nor fully lost, but both potentially can claim attorneys' fees. Because that is not possible here, the entire rationale for Moritz and Prosperi simply is inapplicable.
Under the present statute, an insured or beneficiary who prevails is entitled to attorneys' fees. The statute offers no similar prospect to the surety, nor does the statute say that the fees will be unavailable if the surety prevails on some but not all of the issues. We do believe that the trial court, in determining the fee award, may take into account the fact that the insured or beneficiary has not prevailed on all issues and the degree to which this has extended the litigation or increased its costs. Likewise, we agree with the lower courts that a "prevailing insured or beneficiary" is one who has obtained a judgment greater than any offer of settlement previously tendered by the insurer. Danis, 629 So.2d at 987. Absent that, the insured or beneficiary is entitled to no fee award.
We emphasize, however, that any offer of settlement shall be construed to include all damages, attorney fees, taxable *422 costs, and prejudgment interest which would be included in a final judgment if the final judgment was entered on the date of the offer of settlement. We make this point so that it is plain that the insurer or surety relieves itself from further exposure to the insured or beneficiary's attorney fees at the point in time that the insurer or surety offers in settlement the full amount which the insured or beneficiary would be entitled to recover from the insurer or surety at the time the offer is made. By our construction, an insurer or surety cannot avoid attorney fees by making a belated offer of its insurance coverage or any amount which would be less than the insured or beneficiary could recover in a final judgment as of the date of the offer. On the other hand, an insured or beneficiary cannot continue to incur attorney fees and costs or accrue interest and have those awarded against the insurer or surety after the insurer or surety has offered the full amount for which it has liability on the date it offers to make the payment. This construction is in accord with our decision in Wollard v. Lloyd's & Companies of Lloyd's, 439 So.2d 217 (Fla. 1983).
We will not address the other issues raised by the district court below, which are not properly before us now. The certified question is answered in the negative, and the decision as to the Moritz issue is approved.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.