659 So.2d 1120 (1995)
BAKER PROTECTIVE SERVICES, Appellant,
v.
FP INCORPORATED and Fidelity & Deposit Company of Maryland, Appellees.
No. 94-2587.
District Court of Appeal of Florida, Third District.
July 19, 1995.
Rehearing Denied September 27, 1995.
*1121 Fowler, White, Burnett, Hurley, Banick & Strickroot and Steven E. Stark and Beverly D. Eisenstadt, Miami, for appellant.
Welbaum, Zook & Jones and John H. Gregory, Coral Gables, for appellee.
Before SCHWARTZ, C.J., and JORGENSON and LEVY, JJ.
LEVY, Judge.
In the main appeal, a plaintiff appeals an order denying its motion for attorney's fees incurred in prosecuting the underlying action. In the cross-appeal, the defendants/counter-claimants appeal the court's order denying their motion for attorney's fees incurred in defending the underlying action. For the reasons which follow, we reverse the denial of fees on the main appeal as to F.P. Incorporated and affirm the denial of fees as to Fidelity & Deposit Company of Maryland. We affirm on the cross-appeal.

I. THE FACTS

The State of Florida hired Harrison Construction Management ("hereinafter HCM") as its general contractor to build a prison and treatment center for the criminally insane in Dade County, Florida. HCM in turn subcontracted the electrical and security work on this project to appellee/cross-appellant F.P. Incorporated ("hereinafter FPI"). Under its subcontract with HCM, FPI was required to post a payment bond. Consequently, appellee/cross-appellant Fidelity & Deposit Company of Maryland ("hereinafter F & D") issued a subcontractor's payment bond naming itself as surety, FPI as the principal, and HCM as obligee on the bond.
Thereafter, FPI entered into a contract with the appellant/cross-appellee Wells Fargo Alarm ("Baker Protective"), a division of Baker Protective Services, Inc., in which Baker Protective agreed to provide labor, materials and services for the installation of the security and communications systems on the main project. Sometime later, a dispute arose between FPI and Baker Protective wherein FPI claimed that Baker Protective was not performing adequately, and Baker Protective asserted that FPI was not making the required payments under the contract. On April 1, 1985, FPI terminated Baker Protective from the project.
On December 6, 1986, Baker Protective sued FPI for breach of contract and also sued F & D as the surety under the payment bond. FPI counterclaimed for breach of contract. In April of 1990, Baker Protective, who sought a recovery in excess of $730,000, made a demand for settlement of $595,000. In October of 1991, FPI and F & D made an offer of judgment pursuant to Florida Statutes, Section 768.79 in the amount of $100,000. *1122 In January of 1992, and again in July of 1992, FPI and F & D made an offer of judgment pursuant to Florida Rule of Civil Procedure 1.442 and Section 768.79 for $125,000. Baker Protective rejected these offers and instead made a new demand for $500,000.
After the parties failed to reach a settlement agreement the case went to trial. The jury found that both Baker Protective and FPI had each breached their obligations under the contract. They awarded Baker Protective a verdict of $140,775 on its breach of contract claim and awarded FPI $92,000 on its counterclaim. The trial court then awarded Baker Protective a total final judgment against FPI and F & D of $86,972.68, comprised of a $48,775 net verdict and prejudgment interest in the amount of $38,197.86.
Baker Protective appealed the final judgment, and also appealed the order awarding prejudgment interest. (Case No. 93-2601). This Court issued an opinion affirming the final judgment and reversing the prejudgment interest award to the extent that it failed to award Baker Protective interest from the date that FPI terminated Baker Protective from the project.[1] Pursuant to our remand instructions in the initial appeal, the trial court awarded Baker Protective an additional $10,458.14 in prejudgment interest, bringing the total final judgment amount to $97,431.
Meanwhile, FPI and F & D had filed a Motion to Tax Fees and Costs against Baker Protective for the prosecution of the underlying action. In addition, Baker Protective had also filed a Motion to Tax Fees and Costs in the underlying action against FPI and F & D. The trial court denied both parties' motions. Baker Protective now appeals the order denying its motion for attorney fees, and FPI and F & D cross-appeal the court's order denying their motion for attorney fees.

II. BAKER PROTECTIVE'S MAIN APPEAL

In the main appeal, Baker Protective contends that it is entitled to attorney's fees for prosecuting the underlying action against FPI based on an attorney's fee provision in its contract with FPI. That provision reads as follows:
If [Baker Protective] engages the services of an attorney in the collection of monies due hereunder, the payment of reasonable attorney's fees attributable thereto shall become an obligation of [FPI] to [Baker Protective] to the extent permitted by law.
FPI contends that Baker Protective should not prevail on this claim because Baker Protective is not the "prevailing party" in the underlying litigation. This contention is without merit, however, because the clear and unambiguous language of this contract reveals that the attorney's fee provision at issue in this case is not a "prevailing party" provision. See Oliver Gen. Fence, Inc. v. Roche, 594 So.2d 339, 339 (Fla. 5th DCA 1992); Petrulli v. Castellano, 412 So.2d 432, 433 (Fla. 4th DCA 1982). Instead, the question of entitlement to attorney's fees is controlled by the plain meaning of the language in the contract. See B & H Constr. & Supply Co. v. District Bd. of Trustees, 542 So.2d 382, 387 (Fla. 1st DCA), review denied 549 So.2d 1013 (Fla. 1989); Savarese v. Schoner, 464 So.2d 695, 696 (Fla. 2d DCA 1985); Maw v. Abinales, 463 So.2d 1245, 1247 (Fla. 2d DCA 1985); cf. Schechtman v. Grobbel, 226 So.2d 1, 3 (Fla. 2d DCA 1969) ("[C]learly written provisions of contracts entered into by ordinary men should be should be construed in the light of common understanding"). Consequently, the relevant inquiry, pursuant to the language in the contract, should be whether Baker Protective engaged the services of an attorney in the collection of monies due under the contract. See Bowman v. Kingsland Dev., Inc., 432 So.2d 660, 664 (Fla. 5th DCA 1983) (noting that the right to attorney's fees under any contractual provision is limited by the terms of that provision).
Pursuant to the pleadings in the underlying action, it is evident that Baker Protective did hire an attorney to collect monies owed to it under the contract. It is well settled that "with few exceptions, an attorney's fee provision in a contract cannot be *1123 ignored and courts have no discretion to decline to enforce contract provisions for awards of attorney's fees." Remarc Homes, Inc. v. Kumar, 616 So.2d 498, 499 (Fla. 5th DCA 1993); accord Fortenberry Professional Bldg. v. Zecman, 581 So.2d 972 (Fla. 5th DCA 1991); Sybert v. Combs, 555 So.2d 1313 (Fla. 5th DCA 1990). Since the provision involved clearly and unambiguously purports to hold Baker Protective harmless for fees incurred in collecting monies due it under the contract, see B & H Constr., 542 So.2d at 387; Cone Bros. Contracting Co. v. Ashland-Warren, Inc., 458 So.2d 851 (Fla. 2d DCA 1984), review denied, 464 So.2d 554 (Fla. 1985), we must enforce it. Consequently, based on the foregoing analysis, the trial court erred in denying Baker Protective's claim of attorney's fees against FPI.
Nevertheless, we note that a contractual attorney fee provision should be strictly construed, B & H Constr., 542 So.2d at 387; Keys Lobster v. Ocean Divers, Inc., 468 So.2d 360 (Fla. 3d DCA), review denied, 480 So.2d 1295 (Fla. 1985); Hurley v. Slingerland, 480 So.2d 104 (Fla. 4th DCA 1985), review denied 492 So.2d 1335 (Fla. 1986); as such, Baker Protective is only entitled to the attorney's fees it expended in collecting monies due under the contract. Vistaco, Inc. v. Prestige Properties, Inc., 559 So.2d 744, 744 (Fla. 1st DCA 1990); cf. Bay Lincoln-Mercury-Dodge, Inc. v. Transouth Mortgage Corp., 531 So.2d 1027, 1028 (Fla. 1st DCA 1988) (noting that "[a]ttorney's fees are not necessarily recoverable as to any and all litigation relating to a contract that provides for attorney's fees."). Baker Protective is not entitled to any fees it incurred in defending against FPI's counterclaim because such fees were not encompassed within the fee provision at issue. Vistaco, 559 So.2d at 744.
Additionally, Baker Protective contends that, as a proper claimant under the payment bond issued by F & D, it is entitled to attorney's fees against F & D, pursuant to Florida Statutes, Sections 627.756 and 627.428. This argument lacks merit, however, because we find that Baker Protective was not a "prevailing party" under Florida Statutes Section 627.428. Section 627.428 provides, in pertinent part, as follows:
Upon the rendition of a judgment or decree in this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or the beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.
§ 627.428, Fla. Stat. (1986). In order to prevail against the insurer under Section 627.428, the insured must be the prevailing party in the underlying action against the insurer. We have previously stated that in order to be a prevailing party insured under Florida Statutes § 627.428, the insured's recovery must be greater than the highest valid offer of settlement made by the insurer. Westinghouse Elec. Corp. v. Shafer & Miller, Inc., 515 So.2d 248 (Fla. 3d DCA 1987), review denied, 525 So.2d 881 (Fla. 1988); accord Danis Indus. Corp. v. Ground Improvement Techniques, Inc., 629 So.2d 985 (Fla. 5th DCA 1993), aff'd, 645 So.2d 420 (1994); Greenough v. Aetna Casualty & Sur. Co., 449 So.2d 1001 (Fla. 4th DCA 1984); cf. C.U. Assocs. v. R.B. Grove, Inc., 472 So.2d 1177 (Fla. 1985). Here, although Baker Protective did prevail in its breach of contract claim against FPI, it is not the prevailing party against F & D because Baker Protective's recovery ($97,431) was less than the highest valid offer ($125,000) of judgment made by F & D. Danis Indus.; Westinghouse Elec.; Greenough. Consequently, since Baker Protective is not a prevailing party under Florida Statutes § 627.428, it cannot recover attorney's fees against F & D pursuant to that statute. We therefore affirm the trial court's denial of fees to Baker Protective as against F & D.

III. FPI AND F & D CROSS-APPEAL

In the cross-appeal, FPI and F & D contend that they are entitled to attorney's fees pursuant to their offers of judgment submitted under the now-repealed 1990 version of Florida Rule of Civil Procedure *1124 1.442.[2] Florida Rule of Civil Procedure 1.442 states, in pertinent part, as follows:
Upon motion made within 30 days after the return of the verdict in a jury action or the date of filing of the judgment in a non-jury action, the court may impose sanctions equal to reasonable attorneys fees and all reasonable costs of the litigation accruing from the date the relevant offer of judgment was made whenever the court finds both of the following:
(A) that the party against whom sanctions are sought has unreasonably rejected or refused the offer, resulting in unreasonable delay and needless increase in the cost of litigation; and

(B) that either
(i) an offer to pay was refused and the damages awarded in favor of the offeree and against the offeror are less than 75 percent of the offer; or
(ii) an offer to accept payment was refused and the damages awarded in favor of the offeror and against the offeree are more than 125 percent of the offer.
Fla.R.Civ.P. 1.442 (1992) (emphasis added) (repealed July 9, 1992). In order to recover attorney's fees and costs under this Rule, a party must, among other things, prove the following two conditions: 1) that the party against whom sanctions are sought unreasonably rejects or refuses an offer by the opposing party, resulting in unnecessary delay and costs, and 2) that an offer to pay was refused and the offeree received a damage award which was less than 75% of the offer. If the cross-appellants fail on either of these counts, they cannot prevail in their request for fees under Rule 1.442.
First, with respect to the reasonableness of the rejection, the trial court made a determination that the rejection of the offer by Baker Protective was reasonable. Order Den.Mot. for Atty[s] Fees, Oct. 3, 1994. Since the cross-appellants have failed to demonstrate any error with respect to this finding, we must affirm it. See Dvorak v. TGI Friday's, Inc., 639 So.2d 58 (Fla. 4th DCA 1994), review granted, 654 So.2d 131 (Fla. 1995). Having failed on the first prong of Rule 1.442, we need not reach the second prong of the rule. Nevertheless, since Baker Protective's recovery, including the prejudgment interest award[3] ($97,431), is not less than 75% of cross-appellants' $125,000 offer of judgment (75% of $125,00 is $93,750), the cross-appellants also failed to prove that they satisfied prong two of Rule 1.442. As a result, we affirm the trial court's denial of fees and costs to the cross-appellants.

IV. CONCLUSION

Accordingly, on the main appeal, we reverse the trial court's denial of fees to Baker Protective, as against FPI, based on our finding that Baker Protective is entitled to fees pursuant to the attorney's fee provision in its contract with FPI. We remand with instructions to the trial court to hold an evidentiary hearing to determine the amount *1125 of fees that Baker Protective reasonably incurred in collecting monies owed to it under the contract. In doing so, we note that the trial court is not limited by the lodestar method outlined in Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), modified, Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla. 1990) when setting the fee award, but should instead look to the "totality of the circumstances" surrounding the attorney relationship between Baker Protective and its attorney. Searcy, Denney, Scarola, Barnhart & Shipley, P.A. v. Poletz, 652 So.2d 366 (Fla. 1995); Trend Coin Co. v. Fuller, Feingold & Mallah, P.A., 538 So.2d 919 (Fla. 3d DCA 1989); Stabinski, Funt & De Oliveira, P.A. v. Law Offices of Frank H. Alvarez, 490 So.2d 159 (Fla. 3d DCA), review denied, 500 So.2d 545 (Fla. 1986); see also Rosenberg v. Levin, 409 So.2d 1016 (Fla. 1982). We also stress that Baker Protective cannot recover fees for the expenses it incurred in defending against FPI's counterclaim. We affirm the trial court's order in all other respects.
Affirmed in part, reversed in part; remanded with instructions.
NOTES
[1] Baker Protective Services, Inc. v. FP, Inc., 643 So.2d 1099 (Fla. 3d DCA 1994).
[2] The parties have raised an issue as to whether the offers of judgments made in this case should be evaluated under the 1990 version of Florida Rule of Civil Procedure 1.442 or under the 1991 version of Florida Statutes § 768.79. Clearly, we should evaluate the offers in this case under Rule 1.442 since two of the offers in this case, the October 1991 offer and the January 1992 offer, were made prior to the repeal of Rule 1.442. See Timmons v. Combs, 608 So.2d 1, 3 (Fla. 1992) (decision supplemented Oct. 22, 1992); see also In re Amendments to the Florida Rules of Civil Procedure, 604 So.2d 1110, 1110 (Fla. 1992). Moreover, Florida Statutes, Section 768.79 is not applicable in the instant case since that section does not apply to offers of judgments where the underlying causes of actions accrued prior to July 1, 1986, the effective date of that section. Metropolitan Dade County v. Jones Boatyard, Inc., 611 So.2d 512 (Fla. 1993).
[3] "Since prejudgment interest is merely another element of damages, it is properly included in determining whether a judgment is so deficient as to activate the provisions of section 768.79, Florida Statutes." Phillips v. Parrish, 585 So.2d 1038 (Fla. 1st DCA 1991); accord Persons v. Pelaez, 613 So.2d 509, 510 (Fla. 2d DCA 1993) (applying the prejudgment interest rule in Phillips to settlement offers under Section 45.061); cf. Lee County v. Sager, 595 So.2d 177 (Fla. 2d DCA), review denied, 606 So.2d 1165 (Fla. 1992) (stating that "prejudgment interest is a part of the judgment in determining whether the award is below the level which activates entitlement to fees and costs pursuant to section 73.092(7), Florida Statutes (1987)"). We find that the reasoning in Phillips is applicable to the instant offers under Rule 1.442.