KLEIN, Judge.
The Mendezes, having recovered a judgment against their insurer as a result of storm damage to their roof, appeal an order denying their motion for attorney’s fees. The trial court concluded that the Mendezes were not the prevailing party because then-recovery was lower than an offer of judgment made by the insurer. We affirm.
The dispute between the Mendezes and the insurer was about whether the existing roof could be repaired, or whether the damage was so extensive as to require a new roof. The insurer served an offer of judgment in the amount of $3,501, “exclusive of attorney’s fees,” which the Mendezes did not accept. The jury awarded the Mendezes $1,544 which entitled them to a judgment for $1,294, because of the $250 deductible.
After entry of the judgment on February 20, 1996, the Mendezes moved for attorney’s fees on the ground that they had prevailed against their insurer and were thus entitled to fees under section 627.428, Florida Statutes (1992). The trial court denied the motion because the recovery was less than the offer and the Mendezes were therefore not prevailing parties. This appeal is from that order, entered on April 1, 1996, the notice of appeal having been filed on April 5, 1996. *1211 The insurer moved for attorney’s fees based on its offer of judgment, and on May 16, 1996 the trial court awarded the insurer attorney’s fees. That order has not been appealed.
The Mendezes now argue that the insurer’s offer of judgment was invalid because of the provision in the offer stating that it was “exclusive of attorney’s fees,” citing State Farm Life Insurance Co. v. Bass, 605 So.2d 908 (Fla. 3d DCA 1992). In that case the court held that a similar offer of judgment did not comply with our former offer of judgment rule 1.442(c)(2), because the rule required that an offer of judgment “state the total amount of the offer.” Section 768.79(2)(d) has that same requirement.
Although the insurer’s offer of judgment may have been invalid under Bass, the Men-dezes have not appealed the order assessing attorney’s fees against them pursuant to the offer of judgment. Their notice of appeal filed on April 5, 1996, seeking review of the post-judgment order of April 1, 1996, allows review of only that order. It provides no vehicle through which we could review the correctness of the later order which awarded the insurer attorney’s fees. Velickovich v. Ricci 391 So.2d 258 (Fla. 4th DCA 1980), rev. denied, 402 So.2d 614 (Fla.1981).
Even if the insurer’s offer of judgment were invalid under Bass, it would not make the Mendezes the prevailing party. A prevailing party against an insurer under section 627.428 is one who obtains a judgment against an insurer in an amount greater than any offer of settlement previously made by the insurer. Danis Indus. Corp. v. Ground Improvement Techniques, 629 So.2d 985 (Fla. 5th DCA 1993), dec. approved, 645 So.2d 420 (Fla.1994) and cases cited therein. Although the offer of judgment may not have complied with the statute, it was still an offer of settlement under Danis which the Men-dezes could have accepted.
Affirmed.
WARNER, J., and BARR, ROBBIE M., Associate Judge, concur.