705 So.2d 694 (1998)
John DeSALVO, as Personal Representative of the Estate of H.P. Demery, Deceased, d/b/a, Port City Trading, Appellant/Cross Appellee,
v.
SCOTTSDALE INSURANCE COMPANY, a foreign insurance corporation, Appellee/Cross Appellant.
No. 97-438.
District Court of Appeal of Florida, First District.
January 30, 1998.
*695 H. Tyrone Tyler and J. Clark Hamilton, Jacksonville, for appellant/cross appellee.
Andrew P. Rock of Neilson and Associates, Orlando, for appellee/cross appellant.
WOLF, Judge.
John DeSalvo (DeSalvo), personal representative of the estate of H.P. Demery, deceased, d/b/a Port City Trading, appeals from a final judgment which, among other things, denied appellant's request for attorney's fees and costs. Scottsdale Insurance Company (Scottsdale) cross appeals from an award of prejudgment interest in favor of DeSalvo. We determine that (1) the trial court erred in denying DeSalvo's request for attorney's fees which were incurred prior to the filing of Scottdale's third offer of judgment; (2) the trial court improperly calculated whether plaintiff's recovery exceeded the offer of judgment when it failed to include the amount of attorney's fees incurred by the plaintiff up until the offer of judgment; (3) the trial court improperly denied plaintiff's request to be awarded costs; and (4) the trial court properly awarded prejudgment interest in favor of DeSalvo.
DeSalvo is the personal representative of the estate of a decedent owner of certain property insured by appellee against, among other things, damage or loss caused by fire. The coverage limit under the policy was $563,000, and the policy included an appraisal provision which appellee later asserted was "in the nature of an arbitration agreement."
The property was significantly damaged by fire on January 13, 1995, and DeSalvo filed a sworn proof of loss with appellee on January 25, 1995, pursuant to the terms of the policy, claiming that the value of his loss totaled the coverage limit of the policy$563,000. Scottsdale apparently failed to respond in any fashion to DeSalvo's sworn proof of loss within 30 days of having received it, as required by the terms of the policy. DeSalvo filed this action in March 1995 to recover the amount of the claimed loss plus interest, as well as attorneys' fees and costs. Scottsdale later concluded that DeSalvo's loss totaled only $405,402.08, and it paid DeSalvo only that amount at some point after the lawsuit was filed.
The proceedings in this case were later suspended while the parties engaged in the appraisal process following an opinion from this court upholding the validity of the policy's appraisal provision. See Scottsdale Ins. Co. v. Desalvo, 666 So.2d 944 (Fla. 1st DCA 1995). While the interlocutory appeal regarding the validity of the appraisal provision had been pending, however, the parties had proceeded with this litigation, including discovery, despite Scottsdale's attempt to stay the proceedings, pending the outcome of the appeal. DeSalvo apparently continued to litigate because appellee had indicated that it would only accept appraisal while the appeal was pending if DeSalvo agreed to waive his claims for attorneys' fees, interest, and costs. Before the interlocutory appeal had been decided, Scottsdale had filed two offers of judgment which included taxable costs and attorneys' fees; the first totaled $101, and the second totaled $50,001. After the interlocutory appeal had been decided, Scottsdale had filed another offer of judgment which also included taxable costs and attorney's fees and totaled $100,001. DeSalvo accepted none of these offers.
The appraisal process resulted in an assessment of loss totaling $489,536a $84,133.92 difference in favor of DeSalvo from the amount already paid by Scottsdale. Scottsdale paid DeSalvo the $84,133.92 on July 16, 1996. The trial court thereafter *696 confirmed the appraisal award on August 7, 1996, and directed the parties to file written memoranda on the issue of attorney's fees which DeSalvo had requested pursuant to section 627.428, Florida Statutes (1995).
In addition to attorney's fees, DeSalvo also requested the trial court to enter an award of prejudgment interest on the amount recovered in appraisal calculated from 30 days after the sworn proof of loss had been submitted. The trial court denied DeSalvo's request for attorney's fees on the authority of Baker Protective Servs. v. FP, Inc., 659 So.2d 1120 (Fla. 3d DCA 1995), rev. denied, 669 So.2d 250 (Fla.1996), and also denied taxable costs. However, the court awarded DeSalvo prejudgment interest as part of the award.
Section 627.428, Florida Statutes (1996), provides in pertinent part:
(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insureds or beneficiaries attorney prosecuting the suit in which the recovery is had.
A party who prevails against an insured pursuant to section 627.428 is one that obtains a judgment against an insurer in an amount greater than any offer of settlement previously made by an insurer. Danis Indus. Corp. v. Ground Improvement Techniques, Inc., 645 So.2d 420, 421 (Fla.1994). In Baker Protective Servs., the court stated, "[I]n order to be a prevailing party insured under Florida Statutes § 627.428, the insured's recovery must be greater than the highest valid offer of settlement made by the insurer." Id. at 1123. The trial court interpreted this language to mean that an insured who did not receive a recovery which exceeds the highest offer of settlement was not a prevailing party, and thus, that party was not entitled to recover any attorney's fees incurred during any portion of the proceedings, notwithstanding how many offers of settlement had been filed or how late in the process the highest offer of settlement had been filed. We find that such interpretation is contrary to the clear intent of the statute which is to encourage early and fair settlements by an insurance company of valid claims by an insured. It is also contrary to expressed language in Danis, supra, as to the extent to which an insurance company may relieve itself of liability by filing a belated offer:
We make this point so that it is plain that the insurer or surety relieves itself from further exposure to the insured or beneficiary's attorney fees at the point in time that the insurer or surety offers in settlement the full amount which the insured or beneficiary would be entitled to recover from the insurer or surety at the time the offer is made. By our construction, an insurer or surety cannot avoid attorney fees by making a belated offer of its insurance coverage or any amount which would be less than the insured or beneficiary could recover in a final judgment as of the date of the offer. On the other hand, an insured or beneficiary cannot continue to incur attorney fees and costs or accrue interest and have those awarded against the insurer or surety after the insurer or surety has offered the full amount for which it has liability on the date it offers to make the payment. This construction is in accord with our decision in Wollard v. Lloyd's & Companies of Lloyd's, 439 So.2d 217 (Fla.1983).
Danis, supra at 422.
As stated in Danis, the purpose of the offer of settlement statute is to ensure that an insured or beneficiary cannot continue to incur attorney's fees and costs after a legitimate offer of settlement.
Thus, the failure to recover more than an offer of settlement does not mean that an insured that is awarded some recovery is precluded from being awarded any portion of their attorney's fees and costs. The insured or beneficiary is only precluded from recovering attorney fees and costs incurred after the filing of the offer of settlement. Thus, the trial court erred in relying *697 on Baker, supra, for authority to support its determination that appellant was not entitled to any award of fees and costs.
We also determine that the trial court erred in calculating whether the amount recovered by DeSalvo exceeded the third offer of judgment by Scottsdale. In calculating the recovery by DeSalvo, the trial court only utilized the additional amount actually awarded for the fire damagethe appraisal award of $84,133.97. This amount did not include any amounts for attorney's fees and costs. The offer of settlement, however, by operation of law, included "all damages, attorney's fees, taxable costs and prejudgment interest which would be included in a final judgment if the final judgment was entered on the date of the settlement." Danis, supra at 422. The offer of $100,001, by its very terms, also included all taxable costs and attorney's fees incurred up to the time of the offer. Therefore, the only way to determine if plaintiff's recovery for damages exceeded the offer of judgment is for the trial court to determine the amount of reasonable attorney's fees and costs which had accrued as of the time of the offer of judgment, as well as what prejudgment interest was owed at that time. These amounts are to be added to the amount of damages which were awarded. Upon remand, the trial court shall hold further proceedings to make the appropriate calculations.
The trial court's denial of all taxable costs is also error. As with attorney's fees, the offer of settlement would only preclude collection of costs after the date of the offer, if it is determined on remand that DeSalvo's recovery did not exceed the amount offered. See Danis, supra.
As to the cross appeal, we find no error in the trial court's determination to award prejudgment interest from the date of the appraisal, as damages were liquidated as of that date. See Underhill Fancy Veal, Inc. v. Padot, 677 So.2d 1378, 1380 (Fla. 1st DCA 1996), rev. denied, 686 So.2d 583 (Fla.1996).
BOOTH and JOANOS, JJ., concur.