748 So.2d 941 (1999)
SCOTTSDALE INSURANCE COMPANY, etc., Petitioner,
v.
John DeSALVO, etc., Respondent.
No. 92,467.
Supreme Court of Florida.
September 9, 1999.
*942 W. Lane Neilson, Heath B. Nailos and David C. Lucey of Neilson and Tosko, Orlando, Florida, for petitioner.
John F. Fannin, H. Tyrone Tyler, and J. Clark Hamilton, Jr., of Fannin, Tyler and Hamilton, P.A., Jacksonville, Florida, for respondent.
PER CURIAM.
We have for review DeSalvo v. Scottsdale Ins. Co., 705 So.2d 694 (Fla. 1st DCA 1998), in which the district court held that, under section 627.428, Florida Statutes (1997), when an insured is awarded some recovery at trial, the insured may be entitled to recover a portion of its attorney fees and costs, even if the insured's recovery is less than the insurer's highest offer of settlement. We accepted jurisdiction in this case based on express and direct conflict with Baker Protective Services v. FP, Inc., 659 So.2d 1120 (Fla. 3d DCA 1995), review denied, 669 So.2d 250 (Fla.1996), and Mendez v. Bankers Insurance Co., 696 So.2d 1210 (Fla. 4th DCA 1997). See Art. V, § 3(b)(3), Fla. Const. In both Baker and Mendez, the district courts concluded that an insured may only recover attorney fees under section 627.428 if the insured's recovery is greater than a valid offer of settlement made by the insurer. For the reasons expressed, we approve the district court's decision in this case, and we disapprove Baker and Mendez to the extent they are inconsistent with our opinion in this case.
The relevant facts of this case are as follows. John DeSalvo was the personal representative of the estate of H.P. Demery. Demery owned insured property that was damaged by fire on January 13, 1995. The coverage limit was $563,000. DeSalvo filed a claim with the insurer, Scottsdale Insurance Company (Scottsdale), on January 25, 1995, asserting that the value of the loss totaled the coverage limit. On January 31, 1995, Scottsdale sent DeSalvo a reservation of rights letter.[1] DeSalvo contended that the reservation of rights letter was an improper response to his claim under the policy and filed this action *943 in March 1995 to recover the amount of the claim plus interest, attorney fees, and costs. That same month, Scottsdale paid DeSalvo $405,402 and moved to dismiss or abate the litigation while the case proceeded to appraisal as provided by the policy. The trial court denied the motion based on case law that found similar appraisal provisions to be invalid. Scottsdale appealed, and the district court found the appraisal provision to be valid. See Scottsdale Ins. Co. v. Desalvo, 666 So.2d 944 (Fla. 1st DCA 1995).[2]
After remand and prior to the completion of the appraisal process, Scottsdale filed three offers of settlement over the amount already paid, which included taxable costs and attorney fees: the first was for $101; the second was for $50,000; and the third was for $100,001. DeSalvo declined all three offers.
The subsequent appraisal process resulted in an assessment of loss of $489,536, which was $84,133 more than the amount already paid to DeSalvo. Scottsdale paid DeSalvo the $84,133 difference on July 16, 1996. The trial court confirmed the appraisal award. DeSalvo then asked the court to award attorney fees and costs pursuant to section 627.428 and to award prejudgment interest on the amount recovered in appraisal to be calculated from thirty days after the proof of loss was submitted. The trial court denied attorney fees and costs, finding that DeSalvo was not the "prevailing party" under section 627.428 because the amount recovered was less than Scottsdale's highest offer of settlement. The trial court did award prejudgment interest from the date of the appraisal.
On appeal, the district court affirmed the award of prejudgment interest but reversed the denial of the award of attorney fees and costs. The district court noted that an insured under section 627.428 is entitled to attorney fees if the insured is a "prevailing party." The district court also noted that in Baker Protective Services v. FP, Inc., 659 So.2d 1120 (Fla. 3d DCA 1995), the Third District Court of Appeal had concluded that a prevailing party under this statute is one whose recovery is greater than the highest valid offer of settlement made by the insurer. However, the district court concluded that, under Danis Industries Corp. v. Ground Improvement Techniques, Inc., 645 So.2d 420 (Fla.1994), the intent of section 627.428 is to encourage early and fair settlements of valid claims. Using that rationale, the district court further concluded that "the failure to recover more than an offer of settlement does not mean that an insured that is awarded some recovery is precluded from being awarded any portion of [its] attorney's fees and costs. The insured or beneficiary is only precluded from recovering attorney fees and costs incurred after the filing of the offer of settlement." DeSalvo, 705 So.2d at 696.
The district court also found that the trial court erred in calculating whether the amount recovered by DeSalvo exceeded the third offer of settlement by Scottsdale. The district court determined that the trial court erroneously used only the additional amount actually awarded for the fire damage. The district court concluded that the offer of settlement included any amounts for attorney fees and costs, and accordingly, for the trial court to determine whether DeSalvo's recovery for damages exceeded the offer of settlement, the trial court would first have to determine the amount of reasonable attorney fees and costs that had accrued as of the time of the offer of settlement as well as what prejudgment interest was owed at that time. The district court directed the trial court to hold further proceedings to make the appropriate calculations.
*944 We accepted jurisdiction based on conflict with Baker and Mendez based on statements in those cases that a prevailing party under section 627.428 is one whose recovery is greater than the highest valid offer of settlement made by the insurer. These district courts have cited Danis Industries for the simple proposition that a "prevailing party against an insurer under section 627.428 is one who obtains a judgment against an insurer in an amount greater than any offer of settlement previously made by the insurer." Mendez, 696 So.2d at 1211. For instance, in Mendez, the insurer made an offer of settlement for $3501 (exclusive of attorney fees), which was rejected. Subsequently, a verdict was rendered for the insured in the amount of $1544. The trial court determined that the insured was not the prevailing party because the verdict rendered was less than the offer of settlement. The Fourth District Court of Appeal affirmed, citing to Danis Industries.
Likewise, in Baker, Baker was awarded an amount less than the highest valid offer of settlement. On appeal, the Third District Court of Appeal cited to Danis Industries and found that Baker was not a prevailing party for purposes of awarding attorney fees under section 627.428, because Baker's recovery was less than the highest valid offer of settlement.
Because these district courts have limited our holding in Danis Industries, we expressly state our agreement with the First District's holding in this case that "the failure to recover more than an offer of settlement does not mean that an insured that is awarded some recovery is precluded from being awarded any portion of their attorney's fees and costs." DeSalvo, 705 So.2d at 696. In that event, the trial judge is to determine reasonable attorney fees, costs, and prejudgment interest through the date of the first offer of settlement which exceeds the recovery amount, including the damage award and the attorney fees, costs, and interest the insured would have received if the insured had accepted that offer of settlement on the date it was made. The insured would be then entitled to a judgment which would include the insurance or surety amount determined in the trial to be owed by the insurer plus the attorney fees, costs, and prejudgment interest which have been determined as incurred through the date of the first offer of settlement which exceeds the recovery amount.[3]
We again state what we did in Danis Industries:
We emphasize, however, that any offer of settlement shall be construed to include all damages, attorney fees, taxable costs, and prejudgment interest which would be included in a final judgment if the final judgment was entered on the date of the offer of settlement. We make this point so that it is plain that the insurer or surety relieves itself from further exposure to the insured or beneficiary's attorney fees at the point in time that the insurer or surety offers in settlement the full amount which the insured or beneficiary would be entitled *945 to recover from the insurer or surety at the time the offer is made. By our construction, an insurer or surety cannot avoid attorney fees by making a belated offer of its insurance coverage or any amount which would be less than the insured or beneficiary could recover in a final judgment as of the date of the offer. On the other hand, an insured or beneficiary cannot continue to incur attorney fees and costs or accrue interest and have those awarded against the insurer or surety after the insurer or surety has offered the full amount for which it has liability on the date it offers to make the payment.
Danis Industries, 645 So.2d at 421-22. We approve the reasoning of Judge Wolf's opinion in this case as correctly applying our Danis Industries decision.
Upon remand, the trial court, in determining reasonable attorney fees, should appropriately apply the Danis Industries principles as explained above.
Accordingly, we approve the district court's decision, and we disapprove Baker and Mendez to the extent they are inconsistent with our opinion in this case.[4]
It is so ordered.
HARDING, C.J., and SHAW, WELLS, ANSTEAD and PARIENTE, JJ., concur.
OVERTON, Senior Justice, concurs with an opinion.
OVERTON, Senior Justice, concurring.
I concur in the majority opinion and its explanation that a determination of whether the amount of recovery exceeds the highest offer of settlement requires that offer of settlement to include in its calculation all taxable costs, prejudgment interest, and attorney's fees up through the date of the highest offer of settlement. I write to emphasize that in Danis Industries Corp. v. Ground Improvement Techniques, Inc., 645 So.2d 420 (Fla.1994), this Court explained that, in determining reasonable attorney's fees, the trial court should consider whether the insured prevailed on some but not all the issues that can be separately determined and whether the insured's actions extended the litigation or increased its cost. That point is important in this case since the insured challenged the constitutionality of the arbitration provision in the contract and lost that issue on appeal. Clearly, that is a definitive issue on which the insured did not prevail, and it extended this litigation and increased the cost of this case. It is clear there was no legislative intent to award attorney's fees or costs under section 627.428, Florida Statutes (1997), for definitive claims and issues upon which the insured did not prevail.
NOTES
[1] The district court's opinion states that "Scottsdale apparently failed to respond in any fashion to DeSalvo's sworn proof of loss within 30 days of having received it, as required by the terms of the policy." DeSalvo v. Scottsdale Ins. Co., 705 So.2d 694, 695 (Fla. 1st DCA 1998) (emphasis added). This is incorrect. As noted, Scottsdale sent a reservation of rights letter on January 31, 1995, which was within the 30 days. That letter did not mention appraisal; it took exception to the amount claimed, to the documentation to support the allegations of damages, and to the determination of policy limits.
[2] In its opinion, the district court noted that the district courts were divided on this issue and that it was pending before this Court. We subsequently issued our decision in State Farm Fire & Casualty Co. v. Licea, 685 So.2d 1285 (Fla.1996), which approved the result reached by the district court here.
[3] This is illustrated by the following hypothetical example:

(1) The period for settling claims made upon a policy or bond expires August 1.
(2) Insurer serves offer of settlement in the amount of $20,000 on December 1, and the offer is rejected.
(3) On February 1, a judicial determination is made that the insurer owes $10,000 on the policy or bond.
(4) The trial judge is then to calculate the attorney fees, costs, and prejudgment interest which had accrued as of December 1, the date of the offer of settlement.
(5) If the sum of (4) above plus the $10,000 determined to be owed in (3) above is less than $20,000, then the sum of (3) and (4) becomes the insured's judgment (the $10,000 plus the attorney fees, costs, and prejudgment interest through December 1, the date the offer of settlement was served). If the sum of (3) and (4) exceeds $20,000, then the insured is entitled to the sum of (3) and (4) plus attorney fees, costs and prejudgment interest through the date judgment is entered following the determination of the amount determined in (3).
[4] We decline to address other issues raised by Scottsdale.