781 So.2d 429 (2001)
The ARIES INSURANCE CO., Appellant,
v.
HERCAS CORP. d/b/a Giselle Boutique, Appellee.
Hercas Corp. d/b/a Giselle Boutique, Appellant,
v.
The Aries Insurance Co., Appellee.
Nos. 3D00-1335, 3D00-459.
District Court of Appeal of Florida, Third District.
February 14, 2001.
Rehearing Denied April 11, 2001.
*430 Kaye and Rose; Bambi G. Blum, Miami, for The Aries Insurance Company.
Lopez & Best and Virginia M. Best, Miami, for Hercas Corp.
Before JORGENSON, GODERICH and SHEVIN, JJ.
SHEVIN, Judge.
In these consolidated appeals, The Aries Insurance Company seeks reversal of a final judgment pursuant to an appraisal award, and Hercas Corporation appeals the trial court's denial of its motion for certain appraisal costs. We reverse the final judgment and affirm the order denying Hercas' motion.
Following covered losses resulting from property theft and vandalism, the parties resorted to the policy appraisal procedure to determine the amount of the losses.[1] The parties did not litigate the issue of coverage. The court entered a final judgment as to the appraisal amount and awarded Hercas prejudgment interest from the date of the last theft. Subsequently, the court denied Hercas' motion for appraiser fees.
First, we reverse the prejudgment interest award. The trial court erred in awarding Hercas prejudgment interest from the date of the last loss. Hercas was entitled to interest from the date of the appraisal award as that is the date on which the damages were liquidated. See De Salvo v. Scottsdale Ins. Co., 705 So.2d 694, 696 (Fla. 1st DCA 1998)(appraisal award gives rise to liquidated damages entitling insured to prejudgment interest), approved, 748 So.2d 941 (Fla.1999). Accordingly, the award of prejudgment interest from the date of loss is error.
Second, we affirm the order denying Hercas' costs motion. The policy provides that each party shall pay the fees for its chosen appraiser. No basis exists to disregard that provision. Hercas' reliance on State Farm Fire & Cas. Co. v. Albert, 618 So.2d 278 (Fla. 3d DCA), review denied, 629 So.2d 135 (Fla.1993), is misplaced as that case does not indicate whether it involves the same policy language. Similarly, American Indem. Co. v. Comeau, 419 So.2d 670 (Fla. 5th DCA 1982), is inapplicable as that case involves statutory uninsured motorist coverage. Therefore, the trial court properly denied Hercas' motion.
Finally, we do not consider Hercas' suggestion that the awards of prejudgment interest from the date of the loss and of appraisal costs are justified based on Aries' alleged delay tactics in processing the claims as that ground was not raised in the trial court. See Lipsig v. Ramlawi, 760 So.2d 170, 192-93 (Fla. 3d DCA 2000)(court declines to address issue not preserved for appellate review).
Accordingly, we reverse the prejudgment interest award, affirm the order denying appraisal costs, and remand for further consistent proceedings.
NOTES
[1] The appraisal process began two years after Hercas filed a breach of contract action against Aries.