398 So.2d 469 (1981)
LUMBERMENS MUTUAL INSURANCE COMPANY, Appellant,
v.
AMERICAN ARBITRATION ASSOCIATION and Ernestine Price, Appellee.
No. 78-1958.
District Court of Appeal of Florida, Fourth District.
May 6, 1981.
*470 Charles T. Kessler, Pyszka, Kessler & Adams, Fort Lauderdale, for appellant.
Patrick N. Chidnese, Fort Lauderdale, for appellee-Ernestine Price.
HURLEY, Judge.
Appellant questions a provision in a final judgment requiring it to pay its insured's attorney's fees. We find that appellant did not wrongfully withhold payment of proceeds under the policy and, therefore, we reverse.
On December 3, 1976, appellee Ernestine Price was involved in a four-vehicle automobile accident. Following the accident, Ms. Price sought arbitration before the American Arbitration Association. Named as respondents were Government Employees Insurance Company, her insurer, and Lumbermens Mutual Insurance Company, the insurer of the vehicle she was driving.
Subsequent to the filing of the arbitration action, but prior to the hearing, Lumbermens filed a Complaint for Declaratory Relief and Injunction to Stay the Proceedings Pending Before the American Arbitration Association to determine whether Ms. Price was entitled to stack her own uninsured motorist coverage (GEICO) with that of the owner of the vehicle (Lumbermens). The trial court granted summary judgment in favor of Ms. Price and we affirmed in Lumbermens Mutual Insurance Co. v. Price, 372 So.2d 517 (Fla. 4th DCA 1979).
The arbitration process resulted in an award which held that Ms. Price's claim had a true value in excess of $50,000. Lumbermens then filed a petition for modification in the circuit court pursuant to Chapter 682 Florida Statutes. The purpose of this petition was to establish that Lumbermens was liable for no more than its policy limit. Ms. Price responded by filing a motion to dismiss and a counterclaim for attorney's fees. At the hearing on the motion to dismiss, counsel for the parties agreed that Ms. Price was not entitled to receive any amount in excess of $15,000 from Lumbermens. This agreement was reduced to judicial order on June 8, 1978, and since there were no substantive issues remaining, the trial court entered an order on July 17, 1978, granting Ernestine Price's motions for dismissal and for attorney's fees. Subsequently, a final judgment was entered which included an award of $850 for attorney's fees.
The sole authority for the trial court to assess attorney's fees against an insurer exists in Section 627.428(1), Florida Statutes (1979), which provides:
Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of an insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court, shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable *471 sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.
This statute must be strictly construed, Travelers Indemnity Company v. Chisholm, 384 So.2d 1360 (Fla. 2d DCA 1980), and has been interpreted as "authorizing the recovery of attorney's fees from the insurer only when the insurer has wrongfully withheld payment of the proceeds of the policy." Equitable Life Assurance Society v. Nichols, 84 So.2d 500, 502 (Fla. 1956) (involving the predecessor statute to F.S. § 627.481); see also New York Life Insurance Co. v. Shuster, 373 So.2d 916 (Fla. 1979).
In the case at bar, there is no allegation that the insurer denied coverage. On the contrary, Lumbermens merely availed itself of the procedures set forth in Section 682.14, Florida Statutes (1979), in order to avoid liability for that portion of the arbitration award ($35,000), which exceeded the $15,000 policy limit. Moreover, the final judgment dismissing the insurer's petition for modification was based on agreement of the parties that the insurer was liable for the policy limit of $15,000 and, therefore, it was not a judgment "against an insurer and in favor of an insured" which would justify the imposition of attorney's fees. Cf. Waters v. State Farm Mutual Automobile Insurance Company, 393 So.2d 1203 (Fla. 2d DCA 1981) (settlement offer in amount at least equal to the sum claimant is found entitled to precludes award of attorney's fees under statute).
The portion of the judgment awarding attorney's fees to appellee is reversed.
MOORE and BERANEK, JJ., concur.