458 So.2d 398 (1984)
GREAT SOUTHWEST FIRE INSURANCE COMPANY, Appellant,
v.
Lavern J. DeWITT and Lynn DeWitt, His Wife, Appellees.
No. AW-485.
District Court of Appeal of Florida, First District.
November 1, 1984.
*399 Bob G. Freemon, Jr. of Butler & Burnette, Tampa, for appellant.
Michael S. Smith of Smith & Smith, Perry, for appellees.
BARFIELD, Judge.
The Great Southwest Fire Insurance Company appeals the denial of its interpleader action and the award of attorney's fees to its insured. We affirm the denial of interpleader but reverse and remand the attorney's fee award for recalculation of an appropriate amount.
The background of this factually and procedurally complex litigation is not in dispute. In 1978, Ross B. Henderson and Bonnie Lou Henderson, his wife, purchased certain real property (a beach house) in Taylor County from third parties. On August 27, 1981, the Hendersons conveyed the property to Lee J. DeWitt and Lynn C. DeWitt, his wife. That same day, the DeWitts executed a mortgage to the Hendersons securing a portion of the purchase price. The mortgage did not indicate the form of ownership taken by the Hendersons.
On October 31, 1981, Ross Henderson died. In March of 1982, Mr. Henderson's children filed a petition seeking, inter alia, to revoke Henderson's will on grounds of undue influence, fraud, and lack of capacity.
Meanwhile, the DeWitts had obtained insurance on the beach house with Great Southwest. The dwelling was insured for $30,000 and its contents for $12,000. On June 28, 1982, the house and its contents were completely destroyed by fire. Although the mortgage was not indicated on the policy, the insurer learned of its existence while investigating the claim. On September 21, 1982, the company issued a check for $42,000 payable to "Lavern J. or Lynn C. DeWitt and the Estate of Ross Henderson or his assigns." The personal representatives of Mr. Henderson's estate refused, however, to endorse the draft. By letter of November 2, 1982, counsel for the DeWitts returned the check to the insurer and asked that another be issued payable to the DeWitts and Mrs. Henderson.
The insurer responded on November 17, 1982. It indicated that it could re-issue the check as requested only if the estate of Ross Henderson executed an affidavit waiving any interest in the proceeds and covenanting not to sue Great Southwest. On November 22, 1982, this demand was forwarded to an individual who was apparently counsel for the estate. On December 3, 1982, counsel for Great Southwest wrote to counsel for the DeWitts, reiterating its demands regarding reissuance of the draft.
On January 3, 1983, the DeWitts filed suit to recover the insurance proceeds. The company answered, counterclaimed, and cross-claimed in interpleader against the estate and the DeWitts and sought to deposit the funds in the registry of the court. In April, Great Southwest sought and obtained approval to add the children of Ross Henderson to its cross-claim in interpleader. The cross-claim was filed in May.
On June 10, Great Southwest was advised that Mrs. Henderson had executed a satisfaction of the mortgage. The $12,000 payment for contents coverage was made the following week, but the insurer continued to maintain that it was potentially liable to conflicting claims and refused to pay to the DeWitts the $30,000 due for loss of the structure. A final hearing in the matter was held on October 17, 1983. The trial court found that the mortgage was held as tenants by the entireties by the Hendersons, and that Mr. Henderson's interest in the mortgage thereby passed to Mrs. Henderson by right of survivorship. He concluded that the mortgage was therefore not subject to the claims of Henderson's heirs. Accordingly, he denied Great Southwest's interpleader claims, granted the insurance proceeds to the DeWitts, and awarded a $12,000 attorney's fee to the DeWitts pursuant to Fla. Stat. § 627.428 *400 (Supp. 1982). Great Southwest then undertook this appeal.
We hold that the trial court incorrectly found that the mortgage was held as tenants by the entireties by the Hendersons. A mortgage, under Florida law, is intangible personal property. Seaboard All-Florida Ry. v. Leavitt, 105 Fla. 600, 141 So. 886 (1932). Our Supreme Court has held that in matters involving personalty, in order to create a tenancy by the entirety, "not only must the form of the estate be consistent with entirety requirements, but the intention of the parties [to create the estate] must be proven." First National Bank v. Hector Supply Co., 254 So.2d 777, 780 (Fla. 1971).[1] Assuming that intent to create a tenancy by the entireties could not be proven, the mortgage would have been held by the Hendersons as tenants in common, Fla. Stat. § 689.15 (1977), and rights to half of the mortgage proceeds would have entered Henderson's estate. Under our view of the law, it is not difficult to see how the Henderson heirs' challenge did indeed present Great Southwest with the threat of potentially conflicting claims. We conclude that, at the time it was filed, the insurer's interpleader action was a valid one.
On the other hand, we believe that the posture of the litigation changed completely when Mrs. Henderson executed the satisfaction of the mortgage. It is well-settled that any one of joint mortgagees is entitled to receive payment of the debt and to discharge the debt. 55 Am.Jur.2d Mortgages § 409 (1971); 59 C.J.S. Mortgages § 446b. (1949). Thus, Mrs. Henderson's satisfaction of the mortgage relieved the insurer of any obligation it might have had to persons claiming an interest in the mortgage and we find that Great Southwest improperly withheld payment of the proceeds past that point in time. Accordingly, we affirm the trial court's denial of interpleader. Newkirk Construction Corp. v. Gulf County, 366 So.2d 813 (Fla. 1st DCA 1979).
As to the attorney's fees, we believe that a correct result in this case can only be reached by remanding the matter to the trial court for a recalculation of the fee. Section 627.428 is in the nature of a penalty against an insurer who wrongfully refuses to pay a legitimate claim, and the statute must be strictly construed. Lumbermens Mutual Insurance Co. v. American Arbitration Assoc., 398 So.2d 469 (Fla. 4th DCA 1981). No attorney's fees are awardable where the insurer recognizes its obligation to pay but seeks to interplead the funds because of actual or potentially conflicting claims thereto. Manufacturers Life Insurance Co. v. Cave, 295 So.2d 103 (Fla. 1974). We conclude, therefore, that a partial fee should be awarded based on the efforts of insured's counsel after the satisfaction of mortgage was obtained and presented to the insurer, but not before.
Finally, appellees seek attorney fees for this appeal pursuant to § 627.428. Inasmuch as both parties have obtained some relief in this court, we find that appellees are entitled to a portion of their appellate fees and instruct the trial court to take evidence and fashion an equitable award of appellate fees when it reconsiders the award for the proceedings below. The judgment is therefore AFFIRMED IN PART, REVERSED IN PART, and REMANDED for further proceedings consistent with this opinion.
JOANOS and WIGGINTON, JJ., concur.
NOTES
[1] The Hector Supply result was based, in part, on the differences between typical real and personal property transactions. Thus, real property transfers to husband and wife presumptively create tenancies by the entireties and are "matters of record which occur infrequently, ... formal transactions ..." 254 So.2d at 780. These are characteristics shared, of course, by many mortgages. Nevertheless, the Hector Supply opinion did not create an exception for mortgages in its realty/personalty scheme, and we decline to do so here.