RAMIREZ, J.
 

 United Property and Casualty Insurance Company appeals a final summary, judgment entered in favor of its insureds, Armando and Martha Valladares (collectively Valladares), for damages due to alleged loss of use of their home. We reverse, because United had already paid Valla-dares $23,000 to repair the home, the payment was accepted without reservation, and thus any suit for additional payments relating to the same claim is without merit because the claim existed at the time Val-ladares accepted settlement and was not excluded from the settlement.
 

 Valladares sustained damage to their home as a result of a broken water pipe, and United denied the claim as excluded under the policy. Valladares hired a public adjuster, who disagreed with United’s evaluation of the damage. Valladares complained to the State of Florida’s insurance regulators, the Office of Insurance Regulation (OIR).
 

 As a result of Valladares’ complaint, the OIR initiated a proceeding against United. In a consent order, United agreed that it would compensate Valladares for the disputed claim. Although the consent order disclaims liability and does not address the specific merits of Valladares’ claim, it references the claim by number, states the date of loss, and imposes an obligation upon United to make the payment “immediately.” United issued a check in the amount of $23,000 to the insureds pursuant to the consent order, and Valladares accepted the check which referenced Valla-dares’ claim number without reservation.
 

 After receiving the benefit of United’s payment, Valladares sued United for breach of contract, alleging United failed to pay for the loss of use of the home during the time the pipes were broken. Valladares contended that the home was uninhabitable, and they were eligible for loss of use benefits under the policy. Valladares did not move out of the home, but contended the family was inconvenienced by the lack of hot water. United responded by restating its position that the policy excluded the loss, and contending that in any event it had already settled the dispute by making the $23,000 payment. The trial court entered summary judgment in favor of Valladares for loss of use benefits and statutory interest. The parties entered into a joint stipulation for entry of final judgment in the amount of $46,335, reserving the right to appeal the judgment. United appeals this judgment, and our standard of review is de novo.
 
 Collections USA, Inc. v. City of Homestead,
 
 816 So.2d 1225, 1227 (Fla. 3d DCA 2002).
 

 We need not construe the policy at issue in this case, because Valladares’ coverage claim was settled when they accepted the $23,000 payment from United. The $23,000 check specifically referenced the Valladares’ claim for damage resulting from the broken water pipes, the sole pending claim from Valladares under the United policy. Valladares accepted this payment without reserving any rights to
 
 *312
 
 other claims for damages resulting from the broken water pipes. Thus, the facts indisputably show Valladares accepted an offer for settlement of that claim.
 

 Valladares could have objected to the settlement payment and reserved their rights to claim further damages due to loss of use, but they did not. Because the payment was intended to resolve the coverage dispute arising from the water pipe loss, and was accepted without reservation, the payment was an accord and satisfaction as to the losses known and alleged at that time.
 
 See Martinez v. South Bayshore Tower L.L.L.P.,
 
 979 So.2d 1023, 1024 (Fla. 3d DCA 2008) (holding that acceptance of checks, without protest, operated as an accord and satisfaction). Having accepted the benefits of the payment, Val-ladares cannot now disclaim the settlement.
 
 See Fineberg v. Kline,
 
 542 So.2d 1002, 1004 (Fla. 3d DCA 1988) (stating that “once a party accepts the proceeds and benefits of a contract, that party is estopped from renouncing the burdens the contract places upon him”). Valladares did not allege additional facts or losses that were not at issue in the original claim, and thus it is evident the accord and satisfaction covered fully the pending coverage dispute.
 
 See Miller-Dunn Co. v. Green,
 
 154 Fla. 72, 16 So.2d 637, 638 (1944) (finding that acceptance without condition of a check during a dispute defeated a later claim it was accepted only in partial satisfaction of the same debt).
 

 As a result, we reverse the summary judgment for Valladares and direct that judgment be entered in favor of Únited because Valladares’ claim was satisfied when they accepted payment from United.
 

 Reversed and remanded with directions.