AXIS SURPLUS INSURANCE COMPANY, Plaintiff,

v.

CONTRAVEST CONSTRUCTION COMPANY, Contravest, Inc., and The Crest At Waterford Lakes Condominium Association, Inc., Defendants.

Case No. 6:11–cv–320–ORL–28DAB.

United States District Court, M.D. Florida, Orlando Division.

July 6, 2012.

Julius F. Parker, III, Kathy J. Maus, Butler Pappas, LLP, Tallahassee, FL, for Plaintiff.

Christopher T. Hill, Hill & Rugh, Keller & Main, PL, Orlando, FL, Jason M. Chodos, Mound, Cotton, Wollan & Greengrass, Debbie Sines Crockett, Mark A. Boyle, Sr., Boyle, Gentile, Leonard, & Crockett, PA, Ft. Myers, FL, Dana R. Hassin, Jason W. Bruce, Pursiano Barry Lavelle Bruce Hassin, LLP, Winter Park, FL, for Defendants.

## ORDER

DAVID A. BAKER, United States Magistrate Judge.

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION: MOTION FOR ATTORNEYS' FEES PURSUANT TO FLORIDA STATUTE SECTION 627.428 (Doc. No. 157)**
>
> **FILED: June 15, 2012**
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice, as premature.

In its Amended Complaint, Plaintiff ("Axis") sought a declaration that it had no duty to defend and no duty to indemnify its insureds ("Contravest") in an underlying construction dispute (Doc. No. 9). Contravest answered the Amended Complaint and counterclaimed, seeking a declaration that Axis had a duty to both defend and indemnify Contravest (Doc. No. 121).[1] The parties filed cross motions for summary judgment. The District Court determined that Axis had a duty to defend Contravest in the underlying action (Doc. No. 156), thus granting Contravest's motion and denying Axis' motion with respect to this issue. As for the duty to indemnify, the District Court found that "a decision as to its duty to indemnify is premature" as the underlying suit was not yet resolved. Thus, the District Court denied Axis' motion as to its duty to indemnify, without prejudice to reassertion after the underlying suit is resolved. *Id.* The Contravest Defendants now seek an award of attorney's fees pursuant to Fla. Stat. § 627.428(1), which provides:

---

1. The litigation involved other claims and parties, as well. The Court cites only those matters relevant to the instant dispute.

Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

In its motion, Contravest asks the Court to grant an award "for all fees incurred by Contravest in litigating the claims filed by Axis" and to reserve ruling with regard to the amount of the fees, allowing the parties to confer and allowing further submissions of proof with regard to the amount to be awarded (Doc. No. 157). For the reasons set forth below, the Court respectfully rejects such a piecemeal approach.

■■■ As explained by the Eleventh Circuit Court:

> Broadly read, section 627.428 "provides attorney's fees to an insured that obtains a judgment against an insurer." *Ins. Co. of N. Am. v. Lexow,* 937 F.2d 569, 572 (11th Cir.1991). However, because "[s]ection 627.428 is in the nature of a penalty against an insurer who wrongfully refuses to pay a legitimate claim," we strictly construe its language. *Great Southwest Fire Ins. Co. v. DeWitt,* 458 So.2d 398, 400 (Fla. 1st Dist.Ct.App. 1984) (citing *Lumbermens Mut. Ins. Co. v. Am. Arbitration Ass'n,* 398 So.2d 469, 471 (Fla. 4th Dist.Ct.App.1981)); *see also Lexow,* 937 F.2d at 573; *id.* at 572 (noting that the purpose of section 627.428 is to (1) "discourage contesting of valid claims of insureds against insurance companies," and (2) "reimburse successful insureds reasonably for their outlays for attorney's fees when they are compelled to defend or to sue to enforce their contracts") (quoting *Wilder v. Wright,* 278 So.2d 1, 3 (Fla.1973)). "[I]ndividuals entitled to recover attorney's fees under section 627.428(1) are either 'an insured or the named beneficiary under a policy or contract executed by the insurer,'" *Lexow,* 937 F.2d at 573 (quoting *Indus. Fire & Cas. Ins. Co. v. Prygrocki,* 422 So.2d 314, 316 (Fla. 1982)), and the statute "authoriz[es] the recovery of attorney's fees from the insurer only when the insurer has wrongfully withheld payment of the proceeds of the policy." *Lumbermens Mut. Ins. Co.,* 398 So.2d at 471 (quotation marks omitted). "The paramount condition is the entry of a judgment against the insurer and in favor of the insured." *Lexow,* 937 F.2d at 573 (quotation marks omitted).

*Fireman's Fund Ins. Co. v. Tropical Shipping & Const. Co., Ltd.,* 254 F.3d 987, 1010 (11th Cir.2001).

■■■ While subsequent cases make clear that attorney's fees are properly recoverable in an action for declaratory judgment brought by an insurer where the insured prevails, *see, e.g., Coppola v. Federated National Ins. Co.,* 939 So.2d 1171, 1172 (Fla. 4th DCA 2006), the request made here seeks "*all* fees incurred in litigating the claims filed by Axis," even though one of the claims (for a declaration that there is no duty to indemnify) remains unresolved. The Florida Supreme Court has noted that, in determining reasonable attorney's fees under this provision, the trial court should consider whether the insured prevailed on some but not all the issues that can be separately determined and whether the insured's actions extended the litigation or increased its cost. *Danis Indus. Corp. v. Ground Improvement Techniques, Inc.,* 645 So.2d 420, 421 (Fla.1994). As such, any determination of fees due at this juncture is premature.

*See also Scottsdale Ins. Co. v. DeSalvo,* 748 So.2d 941, 945 (Fla.1999) (Overton, J., concurring) ("It is clear there was no legislative intent to award attorney's fees or costs under section 627.428, Florida Statutes (1997), for definitive claims and issues upon which the insured did not prevail"); *Delta Health Group Inc. v. Royal Surplus Lines Ins. Co.,* 327 Fed.Appx. 860, 865 (11th Cir.2009) ("Florida law allows the district court to discount Delta's entitlement to attorney's fees under § 627.428 based on the fact that Delta lost on the second major issue in the case.").

It is therefore **ORDERED** that the motion is **denied, without prejudice** to renewal, if appropriate, upon the conclusion of the litigation.