**CRYSTAL COLONY CONDOMINIUM ASSOCIATION, INC., Plaintiff,**

v.

**ASPEN SPECIALTY INSURANCE COMPANY, Defendant.**

**Case No. 13–21179–CIV.**

United States District Court, S.D. Florida.

Signed March 21, 2014.

---

Anthony Manuel Lopez, Marin, Eljaiek & Lopez, P.L., Miami, FL, for Plaintiff.

Evan M. Brooks, William S. Berk, Melissa M. Sims, Berk Merchant & Sims, Coral Gables, FL, for Defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

KATHLEEN M. WILLIAMS, District Judge.

**THIS MATTER** is before the Court upon Defendant's Motion to Dismiss Plaintiff's Complaint or in the Alternative Motion for Summary Judgment (DE 8, "MSJ"), Plaintiff's Response in Opposition to Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment (DE 14, "Resp."), and Defendant's Reply (DE 30, "Reply").

### I. BACKGROUND

#### A. Procedural History and Standard to be Applied to Defendant's Motion

Plaintiff, Crystal Colony Condominium Association, Inc., filed a single count Complaint against Defendant, Aspen Specialty Insurance Company, on February 11, 2013, in Florida state court, seeking a declaratory judgment related to an insurance policy between the parties. (DE 1–1, "Compl.") On April 3, 2013, Defendant removed the action to this Court on the basis of diversity jurisdiction. (DE 1, "Notice of Removal.") One week later, Defendant moved to dismiss Plaintiff's Complaint and alternatively asked the Court to consider an outside document—a release signed by Plaintiff but not referred to in the Complaint—and, based on that document, grant summary judgment to Defendant. (MSJ at 8–12.) In its Response, Plaintiff primarily construed Defendant's Motion as one for summary judgment and briefed it accordingly, providing its own statement of material facts. (Resp. at 1–6; DE 15, Pl.'s Statement of Material Facts.)

A court "generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside

the complaint." *Day v. Taylor*, 400 F.3d 1272, 1275–76 (11th Cir.2005) (citing Fed. R.Civ.P. 12). In some circumstances, the Court provides ten days' notice to the parties after converting a motion to dismiss into a motion for summary judgment to allow the parties to supplement the record. *See Herron v. Beck*, 693 F.2d 125, 126 (11th Cir.1982) ("It is well established in this circuit that the ten-day notice requirement of Rule 56(c) is strictly enforced."). However, where the parties treat the motion as a motion for summary judgment, such as the parties did here, there is no need for the ten-day notice requirement. *See Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1268 (11th Cir.2002) ("When a party proves through its actions that it has notice of the conversion, any failure to notify the party is rightly deemed harmless.").

Neither party requested notice or additional time to supplement the record in order for the Court to properly consider Defendant's Motion as one for summary judgment. In this instance, under Federal Rule of Civil Procedure 12(d), the Court finds that no notice or additional briefing is required for the Court to treat Defendant's Motion as one for summary judgment under Rule 56.[1]

## B. Factual History

Plaintiff is the owner of a condominium property located in Miami, Florida. (MSJ at 1–4; Def.'s Statement of Material Facts ("DSOMF") ¶ 1.) Defendant is an insurance company incorporated in North Dakota with its principal place of business in Massachusetts. (DSOMF ¶ 2.) Defendant issued a homeowners insurance policy numbered BP000106 ("the Policy") for Plaintiff's property. (DSOMF ¶ 3.) On October 24, 2005, Plaintiff sustained significant damage to its property due to heavy rain and wind associated with Hurricane Wilma. (DE 14–1, Aff. of Robert A. Dugger in Opp'n to Def.'s MSJ ("Dugger Aff.") ¶ 6.) As a result of this damage, Plaintiff filed a claim numbered P000838 with Defendant. (DSOMF ¶ 4.) Defendant agreed to pay $1,071,349.52 to satisfy the claim, but only upon the execution of a full release. (DSOMF ¶ 5; Dugger Aff. ¶¶ 11–12.)

On October 11, 2006, Plaintiff and Defendant entered into a Policyholder's Release to settle the claim. (DSOMF ¶ 7; DE 8–1, Statement of Anthony Anniello in Supp. of Def.'s MSJ ("Anniello Statement"), Ex. A ("Release").) The Release provides as follows:

> In consideration of the sum of [$1,071,-349.52], to me/us [Plaintiff] paid, the receipt whereof is hereby acknowledged, I/we, [Plaintiff] (being of lawful age) do hereby release and forever discharge [Defendant, its] heirs, administrators, executors, successors and assigns, from any and all action, causes of action, claims and demands whatsoever for, upon, or reason of any damage, loss or injury and all consequential damage, which heretofore have been or which hereafter may be sustained by me/us [Plaintiff] in consequence of windstorm damage during Hurricane Wilma, 10/24/05.
>
> It is being further agreed and understood that the payment of said amount is not to be construed as an admission of liability, but is a compromise of a disputed claim and that this release is executed in full settlement and satisfaction of rights of the undersigned under Policy No. BP000106 arising out of said hurri-

---

1. Because the Parties treat Defendant's Motion as one for summary judgment, the Court need not determine whether Plaintiff's Complaint is sufficiently pled under Federal Rule of Civil Procedure 12(b)(6).

cane damage above referred to. (Release.)

The Release was signed by Plaintiff's property manager, Robert A. Dugger, on behalf of Plaintiff. (Dugger Aff. ¶ 15.) Dugger avers that he did not believe the insurance proceeds Plaintiff had received from Defendant were adequate, but he signed the release to receive payment of the proceeds and speed up the damage repair process. (Dugger Aff. ¶ 15.) On or around January 11, 2012, nearly six years after the parties settled the claim and seven years after Hurricane Wilma, Plaintiff informed Defendant that it disagreed with Defendant's evaluation of the loss sustained and attempted to invoke the appraisal process in accordance with the terms of the Policy. (Dugger Aff. ¶ 19; Anniello Statement, Ex. C ("Appraisal Demand Letter").) Defendant did not participate in this appraisal process. (Dugger Aff. ¶ 22.)

In this action, Plaintiff seeks a declaratory judgment pursuant to Chapter 86 of the Florida Statutes. (Compl. ¶ 22.) Specifically, Plaintiff requests that the Court declare that Plaintiff complied with all the duties under the Policy, that Defendant breached the Policy by failing to adjust and pay Plaintiff, and that Plaintiff is excused from having to comply with any future demands by Defendant. (Compl. ¶ 22.) Defendant now moves for summary judgment based on the fact that it already paid Plaintiff $1,071,349.52 to satisfy Plaintiff's Hurricane Wilma claim and Plaintiff released Defendant from any future claims for Hurricane Wilma damage.

## II. ANALYSIS

### A. Motion for Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Under this standard, "[o]nly disputes over facts that might affect the outcome of the suit under the governing [substantive] law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). And any such dispute is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the Court considers the evidence in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations ..., admissions, interrogatory answers, or other materials...." Fed.R.Civ.P. 56(c)(1)(A). The Court "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party, and must resolve all reasonable doubts about the facts in favor of the non-movant." *Rioux v. City of Atlanta,* 520 F.3d 1269, 1274 (11th Cir.2008) (quotation marks and citations omitted). At the summary judgment stage, the Court's task is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson,* 477 U.S. at 249, 106 S.Ct. 2505.

### B. Defendant's Motion for Summary Judgment

Defendant seeks summary judgment on the basis that "[t]he parties fully and finally settled all claims relating to Plaintiff's Hurricane Wilma loss." (MSJ at 11.) Defendant argues that any claim by Plaintiff related to Hurricane Wilma damage, including Plaintiff's claim that Defendant failed to adjust and pay Plaintiff under the Policy, is barred by accord and satisfaction. (MSJ at 10.) To support this contention, Defendant points to the plain

terms of the Release, which provided that Plaintiff "released and discharged [Defendant] from any and all action, causes of action, claims and demands whatsoever," and that the Release was executed "in full settlement and satisfaction of rights of Plaintiff under the Policy." (MSJ at 11; *see also* Release.)

In response, Plaintiff "does not dispute that the alleged [R]elease was executed," but rather asserts that the Release is unenforceable because it lacked consideration.[2] (Response at 3–6.) Specifically, Plaintiff argues that the $1,071,349.52 payment from Defendant was a partial payment under the Policy, not consideration for Plaintiff's release of any future claims for Hurricane Wilma damage in the Release. (Resp. at 4–6.) In its Reply, Defendant argues that the Release contemplated the Parties' agreement not to pursue legal action against one another with respect to Plaintiff's claim under the Policy, citing Eleventh Circuit and Florida law for the proposition that forbearance from pursing legal action is valid consideration in a contract. (Reply at 2–3 (citing *Citibank Int'l v. Mercogliano*, 574 So.2d 1190 (Fla. 3d DCA 1991), and *Delta Health Grp. Inc. v. Royal Surplus Lines Ins. Co.*, 327 Fed.Appx. 860 (11th Cir. 2009)).)

 Florida law provides that "a promise, no matter how slight, can constitute sufficient consideration so long as a party agrees to do something that they are not bound to do." *Ashby v. Ashby*, 651 So.2d 246, 247 (Fla. 4th DCA 1995) (citing *Bayshore Royal Co. v. Doran Jason Co. of Tampa, Inc.*, 480 So.2d 651 (Fla. 2d DCA 1985)). Forbearing the pursuit of a legal remedy constitutes such a promise. *See Citibank Int'l*, 574 So.2d at 1191 ("It is well settled Florida law that forbearance

from pursuing a legal remedy ... constitutes valid consideration for an agreement."); *Delta Health Grp. Inc.*, 327 Fed. Appx. at 866; *Bell Canada v. Yak Am.*, Case No. 12–22143–CIV–KING, 2012 WL 4025745, at *2–3 (S.D.Fla. Sept. 12, 2012).

The facts show that Plaintiff waited nearly four months after sustaining damage to its property in Hurricane Wilma to file a claim with Defendant. (DE 18–1, Supp. Anniello Aff. ¶ 6.) As a result of Plaintiff's delay, Defendant sent Plaintiff a Reserved Rights Letter "due to late reporting of the claim." (DE 18–1, Ex. A to Supp. Anniello Aff. ("Reserved Rights Letter").) The rights Defendant reserved included, but were not limited to, potentially seeking a declaratory judgment that Plaintiff violated the terms of the policy, which required Plaintiff to "[g]ive [Defendant] prompt notice of the loss or damage." (Reserved Rights Letter); *see Keenan Hopkins Schmidt & Stowell Contractors, Inc. v. Cont'l Cas. Co.*, 653 F.Supp.2d 1255, 1262 (M.D.Fla.2009) ("[A]n insurer is ordinarily presumed to be prejudiced if the insured provides late notice of a claim in violation of the provisions of the insurance agreement."). After Plaintiff reported the damage, Defendant adjusted the claim and offered to pay Plaintiff $1,071,349.52 to satisfy the claim upon the parties' execution of the Release.

The terms of the Release provided that, by agreeing to enter a "compromise [regarding the] disputed claim," Defendant agreed to forbear pursuing legal action related to the claim. Courts have consistently held that this forbearance constitutes sufficient consideration to make the contract enforceable, and Plaintiff's argument that the Release Plaintiff admits entering into was unenforceable for lack of

---

**2.** The Court notes that Plaintiff's *only* challenge to the enforceability of the Release

agreement is that it lacks consideration.

consideration is unavailing. *See Delta Health Grp. Inc.*, 327 Fed.Appx. at 866 ("[T]here was overwhelming evidence of consideration in the fact that [the defendant] forbore from filing a declaratory judgment action.").

■ Plaintiff does not dispute that the terms of the Release, if enforceable, prohibit Plaintiff from pursuing this declaratory action. As noted above, the Release explicitly "release[d] and forever discharge[d]" Defendant from "any and all action, causes of action, claims and demands whatsoever" related to Plaintiff's claim resulting from Hurricane Wilma damage. (Release.) Thus, the Court finds that the Release was an enforceable agreement between Plaintiff and Defendant, and the terms of the Release bar Plaintiff's claim. *See Bonita Villas Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, Case No. 09–21887–CIV, 2010 WL 2541763, at *3 (S.D.Fla. June 23, 2010) (dismissing an insured's action after the court determined that a release barred all claims); *United Prop. & Cas. Ins. Co. v. Valladares*, 73 So.3d 310, 311–12 (Fla. 3d DCA 2011) (reversing trial court's judgment for insured after finding that insured had opportunity to object to settlement and reserve their rights to claim further damages, but failed to do so). Accordingly, Defendant is entitled to summary judgment on Plaintiff's only count.

### III. Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment (DE 8) is **GRANTED.** The Court enters judgment in favor of Defendant and dismisses this case. The Clerk is directed to **CLOSE** this case.